UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK KINNEY,

    Petitioner,

v.
                                       Case No. 2:10-cv-146
                                       HON. R. ALLAN EDGAR

CATHERINE B BAUMAN,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Patrick Kinney filed this petition for writ of habeas corpus challenging his prison misconduct conviction for assault and battery on a prison officer. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner was charged with misconduct for attempted escape, assault and battery, possession of dangerous contraband, and destruction and misuse of property over $10.00. The assault and battery took place while Petitioner was attempting an escape from prison. Petitioner kicked the guard who tried to apprehend Petitioner during the escape attempt. Petitioner pleaded guilty to all the misconduct charges, except the assault and battery charge. He was found guilty of assault and battery after a hearing. Petitioner appealed the conviction to the Ingham County Circuit

Court, which denied the appeal as untimely. The Michigan appellate courts denied leave to appeal. Petitioner then brought an action for superintending control in the Ionia Circuit Court. That complaint was denied and the Michigan Court of Appeals affirmed the denial in a written decision. The Michigan Supreme Court vacated the Michigan Court of Appeals decision and ordered direct review of the claim by the Circuit Court. The hearing officer's decision was affirmed by the Circuit Court. The Michigan appellate courts denied leave to appeal.

Petitioner asserts the following claims for relief:

I. The misconduct is not supported by "some evidence," in violation of the Fourteenth Amendment.

II. The hearing officer automatically credited Bonn's testimony and failed to give Petitioner a chance to refute it, in violation of the Fourteenth Amendment.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is

contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This

presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

In the opinion of the undersigned, Petitioner is not entitled to habeas relief because his misconduct hearing did not violate the constitution. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. M.C.L. § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Petitioner has failed to show that his constitutional rights were violated at his misconduct hearing.

Moreover, the hearing officer's conclusion that Petitioner was guilty of the misconduct charge was supported by the record. The hearing officer found:

> EVIDENCE/STATEMENTS IN ADDITION TO MISCONDUCT REPORT:
>
> Statements of Kinney, officers Bowne & Wernholm & Krause, photocopy evidence depicting bolt cutters, maps of surrounding Michigan counties, aerial view photos of RCF prison & photo of CO Cusack showing a large cut in the fencing. Kinney pleads guilty to all charges except for assault & battery. I did not intentionally kick CP

Bonn. I believe the video will show that as I was crawling through the hole in the fence my foot (if it contacted CO Bonn) contacted him because I was bringing it up to pass through the fence hole, not because I was trying to kick CO Bonn. There was no intentional contact. Charge should be dismissed. I was trying to escape & did cut a hole in the fence with the bolt cutters. COs Bowne & Wernholm say that Kinney possessed all of the items described above as well as other described sundry items. DO Krause. I observed the inmate get through the fence. CO Bonn tried to get to him at the same time. The inmate got to the sallyport. CO Bonn apprehended him in the sallyport at the gate fence. Kinney requests the video. His query to CO Bonn: Did I resist? Is irrelevant. RCF Insp Brown states, "The assault cannot be seen on the video. The fence & wire is in the way of the camera." Good cause is found to delay hearing so HO can view the video. 10-1 Hearing reconvened. Misconduct and all previous information was read to Kinney. Hearing officer viewed the video and it shows 2 shadowy figures at the fence at the same time. Kinney gets through the fence but looks like he is being held by the leg. Prisoner falls gets up runs towards the outer fence then is apprehended. Hearing officer finds that due to night-time hours and obscuring fence & rolls of razor wire, distance of CO Bonn & Kinney from camera & poor quality of footage the assault cannot positively be seen on video. Kinney reiterates his defense to assault & battery. Video is to be held confidential from prisoner since to allow its viewing could divulge shortcomings of video system.

REASON FOR FINDING:

Guilty of all four charges. Guilty of charges 1-3 & 4 since Kinney pleads guilty to those charges & admits they are true. #1. Kinney attempted to escape from prison by arming himself with bolt cutters, aerial maps of RCF prison a secure facility, but cutting a hole in the inner fencing and by going through that hole to the outer fence. #2. Guilty of assault and battery. Guilty because no malice has been imputed to CO Bonn. He had nothing to gain by filing a false report. His information is found to be true. Guilty because video shows that CO Bonn & Kinney were at the inner fence at the same time. Kinney appeared to be held by CO Bonn but escaped the grasp of CO Bonn. Kinney then fell down but got up and ran. Conclusion is that Kinney kicked CO Bonn in the stomach forcefully causing CO Bonn to be propelled backwards. Kinney kicked CO Bonn to physically injure & or to physically abuse CO Bonn & to physically resist CO Bonn. Kinney's kicking act was intentional & was so wilful [sic], wanton

and reckless that Kinney intentionally disregarded the consequences of his action & intended his kicking assault.

#3. Guilty of possession of dangerous contraband. Guilty because Kinney pled guilty & admits he possessed bolt cutters which are on the list of dangerous tools. Kinney also possessed other escape materials by possessing aerial maps of RCF prison & maps of surrounding counties all of which are classified dangerous contraband since they constitute escape paraphernalia. #4. Kinney destroyed and misused a portion of the inner chain link fence by cutting a large hole in that fence which is valued at more than ten dollars by RCF Bus office and by Maintenance.

Major Misconduct Hearing Report, Docket #12.

It is clear that Petitioner received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Petitioner has failed to show that his constitutional rights were denied. Moreover, the Circuit Court Judge's opinion and order rejecting Petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: April 25, 2013